IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RAUL PADILLA-RUIZ ET AL

   Plaintiffs

            v.

COMTEK COMMUNICATIONS
TECHNOLOGIES, ET AL

   Defendants

**Civil No. 09-1695 (SEC)**

**OPINION and ORDER**

Pending before this Court is Defendants Comtek Communications Technologies, Inc. ("Comtek"), and John Cray's[1] (collectively "Defendants") motion to dismiss due to improper venue (Docket # 13), and Plaintiffs Raul Padilla-Ruiz ("Padilla"), Viviana Franceschini-Rodriguez, and their conjugal partnership's (collectively "Plaintiffs") opposition thereto (Docket # 33). After reviewing the filings, and the applicable law, Defendants' motion to dismiss is **GRANTED**.

**Factual and Procedural Background**

On July 22, 2009, Plaintiffs filed the present suit under the Civil Rights Act, 42 U.S.C. § 1983, the Uniform Services Employment and Re-employment Rights Act (USERRA), 38 U.S.C. § 4301 et seq, the Servicemembers Civil Relief Act, 50 U.S.C. App. § 501 et seq, Puerto Rico Law No. 80, 29 P.R. Laws Ann tit 29, §185a et seq, Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. Laws Ann tit 31, §§ 5141 & 5142, and the Fourteenth Amendment to the U.S. Constitution. U.S. CONST. AM. 14. Plaintiffs allege that Defendants threatened Padilla, a member of the U.S. Army Reserve, that he would lose his position with the U.S. Army Cadet

---

[1] Cray acted as Comtek's Manager at the time of the facts alleged in the complaint.

Command, ROTC Mayagüez, PR, and Comtek, if he did not resign as a member of the U.S. Army Reserve. Docket # 1, p. 3-4. They further allege that Defendants engaged in a series of discriminatory and prejudicial acts against Padilla until he was dismissed on August 13, 2008.

According to the complaint, Padilla has been a member of the U.S. Army Reserve since March 19, 1983, and he currently holds the rank of Lieutenant Colonel. Docket # 1, p. 3. He worked for Comtek,[2] at the U.S. Army Cadet Command, ROTC Mayagüez, PR (Interamerican University Office, San German, PR) from July 2, 2002 until August 13, 2008, and received excellent evaluations for his work performance. Id. On several occasions, Padilla's supervisors at Comtek impeded him from complying with orders by the U.S. Army Reserve to attend military training, and Padilla did not attend the same for fear of losing his job. Id. at pp. 4 & 6. Among other incidents, Padilla alleges his supervisor questioned his ethics and honor, told him that he no longer wanted him working at Comtek if he was a member of the U.S. Army Reserve, that he would be transferred to Arecibo, and that he should not use the Army uniform. Id. at 4-5. On July 25, 2008, Padilla received a call from Major José I. Torres informing him that he was assigned to investigate allegations against Padilla for fraud, misconduct, poor leadership, and lack of integrity. Id. at 6. Although Padilla was not informed about the investigations' results, he was terminated on August 13, 2008. Id.

On January 5, 2010, Defendants filed a motion to dismiss, arguing that dismissal of the present suit is proper pursuant to Padilla and Comtek's Employment Agreement's forum selection clause. Docket # 13. In the *interim*, the instant case's deadlines were stayed in light of Padilla's reactivation to active duty, and assignment to U.S. Operations in Washington, DC.

---

[2] Comtek provides labor force for the U.S. Army Cadet Command.

Docket # 32. However, pursuant to this Court's order, Plaintiffs filed their opposition to Defendants' motion. Docket # 33.

**Standard of Review**

Defendants invoked FED. R. CIV. P. 12(b)(3) as the procedural vehicle for urging dismissal under the forum selection clause. However, the First Circuit has held that such dismissals are founded on Rule 12(b)(6). Lambert v. Kysar, 983 F.2d 1110, 1112, n. 1 (1st Cir. 1993); see also Doe v. Seacamp Ass'n, 276 F. Supp. 2d 222, 224, n. 2 (D. Mass. 2003); LFC Lessors v. Pacific Sewer Maintenance Corp., 739 F.2d 4, 7 (1st Cir. 1984). Moreover, courts have emphasized that a motion to dismiss based upon a forum-selection clause is considered as one alleging failure to state a claim for which relief can be granted, under Rule 12(b)(6), and not one for lack of subject-matter jurisdiction. Silva v. Encyclopedia Britannica, Inc., 239 F.3d 385, 386 (1st Cir. 2001); Outek Caribbean Dist. V. Echo, Inc., 206 F. Supp. 2d 263, 266 (D.P.R. 2002).

To survive a Rule 12(b)(6) motion, Plaintiffs' "well-pleaded facts must possess enough heft to show that [they are] entitled to relief." Clark v. Boscher, 514 F. 3d 107, 112 (1st Cir. 2008).[3] In evaluating whether Plaintiffs are entitled to relief, the court must accept as true all of their "well-pleaded facts [and indulge] all reasonable inferences therefrom" in the plaintiff's favor. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007). The First Circuit has held that "dismissal for failure to state a claim is appropriate if the complaint fails to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gagliardi v. Sullivan, 513 F. 3d 301, 305(1st Cir.

---

[3] FED. R. CIV. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to allow the defendant fair notice of what the claim is and the grounds upon which it rests. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007).

**CIVIL NO. 09-1695 (SEC)**                                                                 **Page 4**

2008). Courts "may augment the facts in the complaint by reference to documents annexed to the complaint or fairly incorporated into it, and matters susceptible to judicial notice." Id. at 305-306. However, in judging the sufficiency of a complaint, courts must "differentiate between well-pleaded facts, on the one hand, and 'bald assertions, unsupportable conclusions, periphrastic circumlocution, and the like,' on the other hand; the former must be credited, but the latter can safely be ignored." LaChapelle v. Berkshire Life Ins., 142 F.3d 507, 508 (quoting Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir.1996)); Buck v. American Airlines, Inc., 476 F. 3d 29, 33 (1st Cir. 2007); see also Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999). Thus Plaintiffs must rely in more than unsupported conclusions or interpretations of law, as these will be rejected. Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997) (citing Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)).

Therefore, "even under the liberal pleading standards of Federal Rule of Civil Procedure 8, the Supreme Court has recently held that to survive a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'" Rodríguez-Ortíz v. Margo Caribe, Inc., 490 F.3d 92 (1st Cir. 2007) (citing Twombly, 127 S. Ct. at 1965). Although complaints do not need detailed factual allegations, the "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Twombly, 127 S. Ct. At 1965; see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). A plaintiff's obligation to "provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. At 1965. That is, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true." Parker v. Hurley, 514 F. 3d 87, 95 (1st Cir. 2008).

**CIVIL NO. 09-1695 (SEC)** Page 5

The Court "may augment the facts in the complaint by reference to documents annexed to the complaint or fairly incorporated into it, and matters susceptible to judicial notice." Gagliardi v. Sullivan, 513 F. 3d 301, 305-06 (1st Cir. 2008).

**Applicable Law and Analysis**

In their motion, Defendants move to dismiss the complaint alleging improper venue. According to Defendants, pursuant to the Employment Agreement, the Federal District Court for the State of Virginia[4] is the proper forum for any suit arising out of said agreement. In support of their argument, Defendants aver that the intent of the parties and the clear language of the contract's provisions disallow a different interpretation. They further contend that Plaintiffs have not proffered that the agreement was obtained by fraud, or that its enforcement is unreasonable. Therefore, they request that the instant case be dismissed.

In opposition, Plaintiffs argue that enforcing the forum selection clause is unreasonable because it contravenes state employment laws. They further point out that this Court has jurisdiction pursuant to 28 U.S.C. § 1391 because substantial part of the events giving rise to the present complaint occurred in Puerto Rico, and accordingly, Commonwealth law governs. Based on the foregoing, Plaintiffs assert that enforcing said clause would be contrary to the Commonwealth's public policy, which in turn renders the forum selection clause moot.

The question of whether to enforce a forum selection clause is ordinarily one of federal law. D.I.P.R. Mfg. v. Perry Ellis Int'l, Inc., 472 F. Supp. 2d 151, 153-154 (D.P.R. 2007) (citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29-31 (1988)). Moreover, considering the similarities between federal and Puerto Rico law regarding the enforcement of forum-selection clauses, the First Circuit has also applied federal law when interpreting said clauses in a diversity

---

[4] The Agreement does not specify which district court, thus presumably Plaintiffs may select the appropriate forum within the State of Virginia's federal district courts.

context. Perry Ellis, 472 F. Supp. 2d at 154; Unysis Puerto Rico v. Ramallo Bros. Printing, Inc., 128 P.R. Dec. 842 (1991); Silva, 239 F.3d at 386; Stereo Gema, Inc. v. Magnadyne Corp., 941 F. Supp. 271, 276 (D.P.R. 1996); Stereo Gema, 941 F. Supp. at 274; see also Outek, 206 F. Supp. 2d at 267.

Although generally, "there is a strong presumption in favor of the plaintiff's choice of forum," Rafael Rodriguez Barril, Inc. v. Conbraco Indus., No. 08-1993, slip. op. at 8 (D.P.R. June 30, 2009) (citing Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000), "when parties agree to a forum selection clause, it is the resisting party who must show the unreasonableness of enforcement under the circumstances." Id. (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972)). In analyzing the validity of a forum selection clause, the First Circuit has "recognized the general importance of enforcing these clauses." Outek Caribbean, 206 F. Supp. 2d at 270. Furthermore, the court has held that in the context of a motion to dismiss based on a forum clause, the forum clause is *prima facie* valid, and must be enforced, unless the opposing party can show the clause to be unreasonable, unjust, or invalid due to fraud. Silva, 239 F.3d at 386; see also Mercado-Salinas v. Bart Enters. Int'l, 669 F. Supp. 2d 176, 184 (D.P.R. 2009).

Therefore, the burden shifts to the resisting party to show that "the particular clause: 1) was not 'freely negotiated' or was the result of fraud; 2) contravenes a strong public policy of the forum where the suit is brought; or 3) the party challenging its enforceability shows that trial in the contractual forum will be so gravely difficult that it will, for all practical purposes, be deprived of its day in court." Marrero v. Aragunde, 537 F. Supp. 2d 305, 308 (D.P.R. 2008); see also Perry Ellis, 472 F. Supp. 2d at 154. Courts have held that "[t]he fact that another location would prove more convenient to the party resisting the agreed upon location is not sufficient to meet the 'heavy burden' required to obviate a forum selection clause." Antilles Cement Corp. v. Aalborg Portland A/S, 526 F. Supp. 2d 205, 208 (D.P.R. 2007) (citing Carnival Cruise Lines,

Inc. v. Shute, 499 U.S. 585, 595, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991). Otherwise, "forum selection clauses would almost never be enforceable, for inconvenience to at least one of the parties is an almost forgone conclusion when dealing with a provision that requires litigating away from one's home turf." Antilles Cement Corp. v. Aalborg Portland A/S, 526 F. Supp. 2d 205, 208 (D.P.R. 2007) (citing In re Mercurio, 402 F.3d 62, 66 (1st Cir. 2005)).

Additionally, "[a] fundamental question in evaluating the effect to be afforded to a forum selection clause is whether its language is mandatory or permissible." Marrero v. Aragunde, 537 F. Supp. 2d 305, 308 (D.P.R. 2008) (citing Autoridad de Energia Electrica v. Ericsson Inc., 201 F.3d 15 (1st Cir. 2001). Whereas a "mandatory clause is one that requires that the litigation be brought only in the chosen forum, to the exclusion of others... a permissible clause [sic] is one that allows the parties to litigate in the chosen forum, but does not purport to exclude them from litigating in some other forum that otherwise has jurisdiction." Id. (citing Ericsson, 201 F.3d at 19). Courts will ordinarily enforce a forum selection clause that is mandatory.[5] Id.

The validity of forum selection clauses has been consistently upheld by the Puerto Rico Supreme Court, this district, and the First Circuit. Outek Caribbean, 206 F. Supp. 2d at 270; Marrero v. Aragunde, 537 F. Supp. 2d 305 (D.P.R. 2008); Silva, 239 F.3d at 386; Perry Ellis Intl., 472 F. Supp. 2d at 155. This precedent is so strong, that these types of clauses have been implemented even when a Puerto Rico law expressly proscribes the enforcement of said types of clauses. Perry Ellis Intl., 472 F. Supp. 2d at 155 (citations omitted). However, courts are hesitant to enforce forum selection clauses unless they clearly state the parties' unambiguous intent that the controversy be litigated exclusively in a particular forum. Mercado-Salinas, 669

---

[5] However, "a mandatory clause does not divest a court of jurisdiction, as the clause constitutes only a stipulation by the parties asking the court to honor their agreement by declining to exercise its jurisdiction." Mercado-Salinas, 669 F. Supp. 2d at 184-185 (citing Intercall Telecommc'ns, Inc. v. Instant Impact, Inc., 376 F. Supp. 2d 155, 158, n.2 (D.P.R. 2005)).

**CIVIL NO. 09-1695 (SEC)**                                                                 Page 8

F. Supp. 2d at 184-185 (citing <u>Cummings v. Caribe Mktg. & Sales Co., Inc.</u>, 959 F. Supp. 560, 565 n.7 (D.P.R. 1997).

In the present case, the forum selection clearly denotes that all disputes arising out of or relating to the agreement shall be submitted to the Federal District Court of the State of Virginia, and that the same will be governed by the laws of said State. As held in <u>Rivera v. Centro Medico de Turabo, Inc.</u>, 575 F.3d 10, 17-18 (D.P.R. 2009), here, unlike in <u>Redondo</u> or <u>Ericsson</u>, the agreement to submit to the Federal District Court of Virginia is preceded and informed by a qualifying phrase: "all disputes arising out of or relating to this Agreement shall be submitted to the Federal District Court for the State of Virginia." <u>See</u> *cf.* <u>Redondo Constr. Corp. v. Banco Exterior de Espana, S.A.</u>, 11 F.3d 3 (1st Cir. 1993) (finding that "language providing that each [party] hereby expressly submits to jurisdiction of all Federal and State Courts located in the State of Florida was permissive," and did not negatively exclude any other proper jurisdiction); <u>Autoridad de Energia Electrica de Puerto Rico v. Ericsson, Inc.</u>, 201 F.3d 15, 18 (1st Cir. 2000). This difference in context is determinative in concluding that the present forum selection clause is mandatory. The present parties did not merely agree to submit to all federal or state courts of a specific state, instead Padilla agreed to assert any cause of action stemming from the agreement in the federal court in the State of Virginia, precluding all other forums.

Contrary to Plaintiffs' assertions, the enforcement of a forum selection clause does not conflict with Puerto Rico's public policy interests even where a plaintiff alleges violations to a specific state law. <u>Miro Gonzalez v. Avatar Realty, Inc.</u>, 177 F. Supp. 2d 101, 105 (D.P.R. 2001); <u>see also</u> <u>Antilles</u>, 526 F. Supp. 2d at 209. Therefore, enforcement of the Employment Agreement's forum selection clause would not contravene Puerto Rico's public policy. More so considering that Plaintiffs also seek relief under several federal statutes. Furthermore, as previously noted by this district, any possible inconvenience in litigating this case in the selected

**CIVIL NO. 09-1695 (SEC)**                                                                 Page 9

forum, under the law of that forum, "was foreseeable to Plaintiff when it negotiated the contract with Defendant and agreed to the forum selection and choice of law clauses." Rodriguez Barril, No. 08-1993 at 11. In the present case, "Plaintiff has not alleged any extreme circumstances of grave inconvenience sufficient to outweigh the strong presumption of validity afforded freely negotiated forum selection clauses." Id.

Absent a showing that enforcing the forum selection clause would impose an unreasonable burden upon Plaintiffs, or that Plaintiffs were fraudulently induced to enter into such agreement, this Court finds that the forum selection clause is valid. Furthermore, this ruling does not impede Plaintiffs from seeking relief in the appropriate forum. Based on the foregoing, and Rule 12(b)(6), Defendants' motion to dismiss is **GRANTED**, and the instant case is **DISMISSED without prejudice.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 26th day of April, 2010.

*S/ Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge